UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMY ROSE BONNING,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTHEW CLIFFORD,<br><br>        Defendant. | Case No. 1:24-cv-00249-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff, an inmate held in the Ada County Jail, is proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 14.

Plaintiff has now filed an Amended Complaint. Dkt. 16. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the Amended Complaint, the Court concludes that Plaintiff still has failed to state a claim upon which relief may be granted. Accordingly, the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

**1.    Request for Appointment of Counsel**

Plaintiff seeks appointment of counsel. *See* Dkt. 15. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1

physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr*., Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect Plaintiff's interests to date. In addition, as explained below, the Amended Complaint fails to state a claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's request for appointment of counsel.

2. **Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

3. **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). As explained in the Initial Review Order, jail officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in

the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").

The Amended Complaint names Matthew Clifford, the Ada County Sheriff, as the only Defendant. Plaintiff asserts claims under 42 U.S.C. § 1983, the federal civil rights statute, alleging that she was not adequately protected from sexual assault and that she was retaliated against for reporting a sexual assault. Plaintiff also asserts claims under the Prison Rape Elimination Act ("PREA"), 34 U.S.C. § 30302 *et seq.*, as well as claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. *Am. Compl*. at 1–3.

The Amended Complaint fails to state a claim upon which relief may be granted under § 1983. Plaintiff alleges repeatedly that the "sheriff *and/or* his employees," violated her rights. *Am. Compl*. at 1–3 (emphasis added). Similarly, the Amended Complaint contends that Plaintiff's rights were violated by "Ada County Jail Staff" or "the jail." *Id*.

Plaintiff does not provide any factual allegations suggesting that Sheriff Clifford *himself* (1) personally participated in any specific action Plaintiff alleges to be unconstitutional or (2) knew of and failed to prevent the alleged violations. *See Taylor*, 880 F.2d at 1045; *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (holding that a supervisor may be liable under § 1983 only "if there exists a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (internal

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 4

quotation marks and alteration omitted). Therefore, the Complaint does not allege a plausible § 1983 claim.

Plaintiff's PREA claims are also implausible. PREA "was enacted to address the problem of rape in prison by creating and applying national standards to prevent, detect, and respond to prison rape, and by ensuring compliance of state and federal prisons by conditioning eligibility for federal grant money on compliance with the standards." *Barber v. Cox*, No. 1:17-CV-00318-BLW, 2019 WL 454090, at *1 n.1 (D. Idaho Feb. 5, 2019) (unpublished). However, PREA does not provide a private right of action enforceable by individual prisoners. *Id.*; *see also Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. April 15, 2015) (per curiam) (unpublished) (collecting cases); *Hill v. Hickman Cnty. Jail*, 2015 WL 5009301 (M.D. Tenn. August 21, 2015) (unpublished) (dismissing PREA claim for lack of private right of action); *Montgomery v. Harper*, 2014 WL 4104163, at *3 (W.D. Ky. Aug. 19, 2014) (unpublished) ("[T]his Court concludes that the PREA creates no private right of action."); *Holloway v. Dep't of Corr.*, 2013 WL 628648, at *2 (D. Conn. Feb. 20, 2013) ("There is nothing in the PREA that suggests that Congress intended it to create a private right of action for inmates to sue prison officials for non-compliance to the Act.").

Finally, the Amended Complaint does not assert a plausible RICO claim. RICO provides as follows:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such

> enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).

A finding of liability under § 1962(c) requires "(1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). A pattern of racketeering requires proof of two or more predicate acts of racketeering that are related and that are in furtherance of a single criminal scheme. *Id*. at 193. A list of racketeering acts upon which a RICO action may be based is set forth in 18 U.S.C. § 1961.

Subsection 1961(1)(A) defines a racketeering activity as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance." Additionally, subsection 1961(1)(B) describes a racketeering activity as any act indictable as a crime under certain provisions of Title 18 of the United States Code. "Civil rights violations … do not fall within the statutory definition of 'racketeering activity.'" *Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997).

Plaintiff complains of civil rights violations by the Ada County Jail and jail staff. Because such violations do not constitute racketeering activities, the Amended Complaint fails to state a claim upon which relief may be granted under RICO.

**4.      Conclusion**

For the foregoing reasons, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Complaint and for Appointment of Counsel (Dkt. 15) is GRANTED IN PART, to the extent that the Court has reviewed the Amended Complaint. The Motion is denied in all other respects.

2. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 14), this entire case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

3. Plaintiff's Motion for Joinder and Motion to Reopen/Renew All Motions on File (Dkts. 17 and 18) are DENIED AS MOOT.

DATED: December 26, 2024

B. Lynn Winmill
U.S. District Court Judge